# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-1160-TWP-DML |
| | ) |
| MICHAEL F.S. PATRICK, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND ORDER SETTING HEARING

This matter is before the Court on Plaintiff Richard N. Bell's ("Mr. Bell") Motion for Default Judgment Against Defendant Michael F.S. Patrick ("Mr. Patrick") (Filing No. 10). On May 10, 2016, Mr. Bell filed a Complaint asserting a copyright infringement claim against Mr. Patrick who has neither filed an answer or other responsive pleading nor defended this action in any way. The Clerk of Court entered default against Mr. Patrick on June 30, 2016 (Filing No. 8). For the reasons stated below, the Court **GRANTS** the Motion for Default Judgment. The default judgment resolves the copyright infringement claim against Mr. Patrick as to liability but requires a determination of the appropriate relief.

### I. CLAIMS AGAINST MR. PATRICK

Mr. Bell seeks statutory damages of at least $150,000.00, declaratory and injunctive relief, $417.50 in costs, and reasonable attorneys' fees. (*See* Filing No. 1 at 9; Filing No. 12 at 2.) The photograph at issue in this case, a photograph of the Indianapolis skyline, was first published on the Internet by Mr. Bell on August 29, 2000 (Filing No. 1 at 2, ¶ 10). On August 4, 2011, the photograph was registered with the United States Copyright Office. *Id.* at 3, ¶ 11. Mr. Bell is the

sole proprietor of the copyright to the photograph. *Id.* at 6, ¶ 34. The photograph is available for purchase from Mr. Bell's website for $200.00 ([Filing No. 12 at 1](), ¶ 5). Mr. Patrick downloaded or took the photograph from the Internet and copied it onto a webserver ([Filing No. 1 at 4]() ¶ 17). Mr. Patrick began publishing the photograph on his website in 2016. *Id.* at 4–5, ¶¶ 20–21.

In April 2016, Mr. Bell discovered that Mr. Patrick had published the photograph on a website owned by Mr. Patrick without paying for its use. *Id.* at 1, ¶ 1; *id.* at 4–5, ¶¶ 18, 23. At the bottom of the website page on which the photograph was published appeared the following: "Michael Patrick © 2013 All Rights Reserved." ([Filing No. 11-1 at 3](), ¶ 7 and Ex. B.) Mr. Patrick's conduct violated Mr. Bell's exclusive rights as the copyright owner ([Filing No. 1 at 6]() ¶ 35).

After discovering the copyright infringement, Mr. Bell notified Mr. Patrick in writing of the infringement and demanded payment for the use of the photograph ([Filing No. 11-1 at 3](), ¶ 8). Mr. Patrick refused to pay ([Filing No. 1 at 5](), ¶ 23). Mr. Bell alleges that Mr. Patrick's copyright infringement was willful. *Id.* at 7, ¶¶ 40–41.

## II. DISCUSSION

The Court may enter a default judgment against a party who has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(b)(2). The decision to grant or deny a default judgment is within the Court's discretion. *See Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014) (indicating a decision on default judgment is reviewed for abuse of discretion). A default judgment establishes the defendant's liability to the plaintiff on the cause of action alleged in the complaint. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). "'Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.'" *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). Damages, however, "must be proved unless

they are liquidated or capable of calculation." *Wehrs*, 688 F.3d at 892. Since Mr. Patrick failed to respond to the allegations against him, all of the well-pleaded factual allegations in the Complaint regarding liability are taken as true.

To establish copyright infringement, a plaintiff must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1099 (7th Cir. 2017) (quotation marks and citation omitted), *reh'g and reh'g en banc denied* (July 10, 2017). The Complaint alleges that Mr. Bell is the sole owner of a registered copyright in the Indianapolis photograph, Mr. Patrick downloaded the photograph and copied it onto his webserver, Mr. Patrick published it on his website without permission, and he violated the exclusive rights of Mr. Bell as owner of the copyright. These allegations, taken as true, establish Mr. Patrick's liability for copyright infringement.[1]

With liability established, the Court turns to the relief requested. Mr. Bell seeks statutory damages and argues that Mr. Patrick's infringement was willful ([Filing No. 11 at 8](#)–10). The Copyright Act allows the copyright owner to elect, and the Court to grant, "an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1).[2] If the copyright infringement is willful, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). The Court has broad discretion to assess damages within these statutory limits. *See F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231–32 (1952); *F.E.L. Publ'ns, Ltd. v. Catholic Bishop of*

---

[1] The allegations are not necessarily true; they are just accepted as true because of the default.

[2] The bar to statutory damages and attorney's fees, *see* 17 U.S.C. § 412(2), is inapplicable because of the allegation that Mr. Patrick began publishing the photograph in 2016.

3

*Chi.*, 754 F.2d 216, 219 (7th Cir. 1985). In determining the amount of statutory damages to be awarded, the Court considers several factors:

> (1) the infringer's state of mind; (2) any expenses saved and profits earned by the infringer; (3) any revenue lost by the copyright holder; (4) the deterrent effect on the infringer and others; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Bell v. McLaws*, 2015 WL 751737, at *1 (S.D. Ind. Feb. 23, 2015) (citing *Bryant v. Media Right Prods., Inc.,* 603 F.3d 135, 144 (2d Cir. 2010)). The Court is without sufficient evidence at this time to assess these factors and determine an appropriate statutory damages award. Most importantly, while the Complaint alleges that Mr. Patrick's infringement was willful, the allegations in that regard are conclusory and without any factual support. For example, the Complaint does not allege that Mr. Bell notified Mr. Patrick about his copyright in the photograph and asked him to cease his infringing activities. Only well-pleaded factual allegations are taken as true upon default.

Mr. Bell also seeks injunctive relief. Under the Copyright Act, the Court may grant an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Here, Mr. Bell alleges monetary damages are insufficient to compensate him for his injury because monetary damages will not prohibit future infringement. The only hardship Mr. Patrick will suffer from the imposition of an injunction is the inability to engage in further unlawful activity through unauthorized use of the copyrighted photograph. An injunction will serve the public interest by protecting copyrighted material and encouraging compliance with federal law. An appropriate injunction will prohibit Mr. Patrick from posting the photograph on his website.

Mr. Bell further requests the Court to enter a declaratory judgment. Under the Declaratory Judgment Act, the Court may render a declaratory judgment "where there exists an actual controversy . . . ." *Bell v. Taylor*, 827 F.3d 699, 711 (7th Cir. 2016) (quoting *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 627 (7th Cir. 1995)). By default, it is taken as true that Mr. Bell owns the copyright in the Indianapolis photograph. However, the website with the domain name of michaelpatricklaw.com (last visited Sept. 18, 2017) no longer contains the photograph; as of this writing, the website was "under construction" and had no content whatsoever. Therefore, the Court finds no substantial controversy between the parties of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007), and concluding no such controversy existed where defendants had removed the photo at issue from their websites and the websites no longer existed).

Finally, Mr. Bell seeks an award of attorneys' fees and costs. The Copyright Act provides the Court with discretion to award fees and costs. 17 U.S.C. § 505. In copyright actions, "[p]revailing plaintiffs and prevailing defendants are to be treated alike." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). "[N]o precise rule or formula" for making attorneys' fee-award determinations exists, *id.*; rather, the Court should exercise its equitable discretion. *Id.* The Seventh Circuit has held that prevailing defendants are presumptively entitled to recover attorney fees. *See Assessment Technologies of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004). But no such presumption exists for prevailing plaintiffs. In deciding whether to award attorneys' fees, "the two most important considerations . . . are the strength of the prevailing party's case and the amount of damages or other relief the party obtained." *Id.* at 436. The determination of whether fees should be awarded must await a decision on the amount of damages to be awarded.

### III.  CONCLUSION

Because Mr. Patrick failed to file an answer or other responsive pleading and failed to otherwise defend himself in this action, the Court **GRANTS** Mr. Bell's Motion for Default Judgment ([Filing No. 10](#)) and finds Mr. Patrick in default as to liability for the claim asserted against him in the Complaint ([Filing No. 1](#)).

The matter is set for an evidentiary hearing on damages on **October 25, 2017 at 9:00 a.m**. in Courtroom 344, Birch Bayh Federal Building and U.S. Courthouse, 46 E. Ohio Street, Indianapolis, Indiana.  *See* Fed. R. Civ. P. 55(b)(2)(B)–(D) (the court may conduct an evidentiary hearing "to determine the amount of damages; establish the truth of any allegation by evidence; or investigate any other matter").  Mr. Bell will be allowed his costs of $417.50.  Following the evidentiary hearing, an injunction will be issued to prohibit Mr. Patrick from posting the photograph on his website.

**SO ORDERED.**

Dated:  9/18/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

Michael F.S. Patrick
711 East 65th Street, Suite 207
Indianapolis, Indiana  46220-1609