UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:16-cv-1160-TWP-DML |
| MICHAEL F.S. PATRICK, | ) ) ) |
| Defendant. | ) |

## ENTRY FOLLOWING DAMAGES HEARING

This matter is before the Court following a damages hearing on Plaintiff Richard N. Bell's ("Mr. Bell") claim for copyright infringement. On May 10, 2016, Mr. Bell filed his Complaint asserting one count of copyright infringement against Defendant Michael F.S. Patrick ("Mr. Patrick") ([Filing No. 1](#)). Mr. Patrick never filed an answer or other responsive pleading, nor did he defend this action in any way. A Clerk's default was entered against Mr. Patrick on June 30, 2016 ([Filing No. 8](#)). On February 2, 2017, Mr. Bell filed a motion for default judgment, which was granted on September 18, 2017 ([Filing No. 10](#); [Filing No. 13](#)). An evidentiary hearing was set so that Mr. Bell could present evidence regarding his damages on the default judgment. The hearing was held on November 1, 2017. Mr. Patrick failed to appear at the hearing.

In his Complaint, Mr. Bell requested enhanced statutory damages for willful infringement, declaratory and injunctive relief, attorney fees, and the costs of this action. In the Court's Entry granting default judgment, the Court noted that Mr. Bell would be awarded his costs of $417.50 as well as injunctive relief following the damages hearing and a determination of the appropriate amount of damages. The Court also determined that a declaratory judgment was no longer necessary ([Filing No. 13 at 5](#)–6).

During the evidentiary hearing, Mr. Bell represented to the Court that he is no longer seeking his attorney fees. Rather, he asserted that he is seeking enhanced statutory damages for willful infringement and his costs of $417.50. The Copyright Act allows the copyright owner to elect, and the Court to grant, "an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). If the copyright infringement is willful, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). The Court has broad discretion to assess damages within the statutory limits. *See F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231–32 (1952); *F.E.L. Publ'ns, Ltd. v. Catholic Bishop of Chi.*, 754 F.2d 216, 219 (7th Cir. 1985).

Concerning willful infringement, Mr. Bell has explained that the Indianapolis Photograph was published on the Internet and registered with the United States Copyright Office. He is the sole proprietor of the copyright to the photograph and sells a license to use the photograph. After Mr. Bell had published the photograph and registered the copyright with the U.S. Copyright Office, Mr. Patrick downloaded or took the photograph from the Internet and copied it onto a webserver, beginning to unlawfully publish it in 2016. After discovering the copyright infringement, Mr. Bell notified Mr. Patrick in writing of the infringement and demanded payment for the use of the photograph. However, Mr. Patrick refused to pay.

Mr. Bell argues that the willfulness of Mr. Patrick's infringement is especially evidenced by the fact that Mr. Patrick is an attorney, who should generally know about copyright laws, and at the bottom of the webpage on which the photograph was unlawfully published appeared the following: "Michael Patrick © 2013 All Rights Reserved." ([Filing No. 11-1 at 3](), ¶ 7; [Filing No. 11-2](); Damages Hearing Exhibits 1–2.) By placing a copyright mark at the bottom of his webpage

that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Patrick willfully infringed Mr. Bell's copyright by claiming that he owned the copyright to everything on the webpage. Mr. Bell asserts that Mr. Patrick's willful conduct violated his exclusive rights as the copyright owner. The Court determines that, based on the evidence and arguments, Mr. Bell has met his burden in this case of showing willful infringement by Mr. Patrick.

In considering an appropriate amount of damages within the statutory limits, the Court notes that Mr. Patrick ignored this litigation and did nothing to cooperate in the adversarial process. Mr. Patrick did not cooperate in providing evidence concerning the value of the infringing material. The interests that parties hold in their copyrighted materials are significant and worthy of protection, and it is important that courts deter further infringing activities by the infringer and by others. *See Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010). In light of these considerations and the fact that Mr. Bell has shown willful infringement on the part of Mr. Patrick, the Court determines that Mr. Bell is entitled to the requested enhanced statutory damages award of $150,000.00, as permitted by 17 U.S.C. § 504(c)(2).

Mr. Bell also seeks injunctive relief. Under the Copyright Act, the Court may grant an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Here, monetary damages are insufficient to fully compensate Mr. Bell for his injury because such damages will not prohibit future infringement. The only hardship Mr. Patrick will suffer from the imposition of an injunction is the inability to engage in further unlawful activity through unauthorized use of the copyrighted photograph. An injunction will serve the public interest by protecting copyrighted material and encouraging compliance with federal law. Therefore, the Court issues an injunction prohibiting Mr. Patrick from posting on his website the Indianapolis Photograph at issue in this litigation or otherwise using the photograph in

any other way. This injunction will remain in effect so long as the statutory damages awarded herein remain unpaid.

To summarize, Mr. Bell is awarded his costs of this litigation in the amount of $417.50 and an enhanced statutory damages award of $150,000.00 on the default judgment entered against Defendant Michael F.S. Patrick. Additionally, Mr. Patrick is prohibited from using the Indianapolis Photograph on his website or in any other way so long as the statutory damages awarded herein remain unpaid.

**SO ORDERED.**

Dated: 4/9/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

Michael F.S. Patrick
711 East 65th Street, Suite 207
Indianapolis, Indiana 46220-1609